**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| CHRISTOPHER KACZMARSKI, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 8:26-cv-2037 |
| KONINKLIJKE PHILIPS N.V.; | ) |
| PHILIPS NORTH AMERICA LLC; and | ) |
| PHILIPS RS NORTH AMERICA LLC, | ) |
| | ) |
| *Defendants*. | ) |

**NOTICE OF REMOVAL**

Defendants Philips RS North America LLC ("Philips RS"), Philips North America LLC ("Philips NA"), and Koninklijke Philips N.V. ("KPNV") hereby remove the above-captioned case from the Circuit Court of the 6th Judicial District in and for Pinellas County, Florida, in which it is now pending at Case No. 26-003761-CI (the "Underlying Action"), to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and state as follows:

**INTRODUCTION**

1.     On June 22, 2026, Plaintiff Christopher Kaczmarski filed the Underlying Action in the 6th Judicial District in and for Pinellas County, Florida. *See* **Exhibit A** (the "Complaint").

2.     The Underlying Action is a products liability case concerning the alleged purchase and use of a Philips RS "Dream Station Auto CPAP device" that is subject

to a Philips RS product recall issued on June 14, 2021.  *See* Ex. A ¶¶ 7-8, 11, 32; Philips RS Voluntary Recall Notice, *available at* https://www.philips.com/c-dam/b2bhc/master/landing-pages/src/update/documents/philips-recall-letter-2021-05-a-2021-06-a.pdf (last accessed April 28, 2026).

3.      This case belongs in federal court, and the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.  The parties are and at all relevant times have been completely diverse, and the amount in controversy exceeds $75,000.

4.      Additionally, this case is related to a multidistrict litigation currently pending in the Western District of Pennsylvania before the Honorable Joy Flowers Conti, *In Re: Philips Recalled CPAP, Bi-Level Pap, and Mechanical Ventilator Prods. Litig.*, MDL No. 3014 (the "MDL").  Upon removal, Defendants intend to ask the Judicial Panel on Multidistrict Litigation to transfer this case, like the hundreds that came before it, to the MDL.  Because this case is like the numerous others pending before the MDL court, the parties, including Plaintiff, will benefit from coordinated pretrial proceedings in that forum.

## FACTUAL BACKGROUND

5.      The Underlying Action is based on injuries allegedly sustained as a result of Plaintiff's use of a Philips RS DreamStation device (the "Device") to treat sleep apnea.  *See* Ex. A ¶¶ 7, 32-37.

6.      Plaintiff allegedly purchased the Device in 2008 and used it nightly until 2024, when he allegedly purchased a replacement machine.  *Id*. ¶¶ 7, 32.

7.      Plaintiff alleges the Device is defective because it contains polyester-based polyurethane sound abatement foam, which allegedly can degrade and off-gas toxic certain chemicals that can cause serious injury and/or permanent impairment. *See id*. ¶¶ 2-6, 23-27.

8.      Plaintiff alleges that his use of the Device has caused him to develop nasal cancer and bone marrow cancer.  *Id*. ¶¶ 8-9, 35.

9.      Plaintiff allegedly also has experienced "mental and physical pain and suffering, has sustained permanent injury, has undergone medical treatment for cancer, and will likely undergo further medical treatments and procedures."  *Id*. ¶¶ 42, 56, 70, 84, 99, 114, 119.

10.     He claims economic losses, including, but not limited to, medical expenses and lost income.  *Id*.  ¶¶ 42, 99, 114, 119.

11.     The Complaint asserts causes of action for negligence, design defect, manufacturing defect, failure to warn, breach of express warranty, breach of implied warranty of merchantability, and fraudulent misrepresentation.  *See id.* ¶¶ 38-119.

## GROUNDS FOR REMOVAL

12.     Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

13.    A defendant seeking to remove a case to a federal court must file a notice of removal containing a short and plain statement of the grounds for removal. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* (citations omitted).

14.    The Court has original subject-matter jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship because the parties are citizens of different states and the amount in controversy exceeds $75,000.

## I.    THE PARTIES ARE, AND AT ALL RELEVANT TIMES HAVE BEEN, COMPLETELY DIVERSE.

15.    Diversity jurisdiction "require[s] complete diversity of citizenship," *i.e.*, "the citizenship of each plaintiff" must be "diverse from the citizenship of each defendant." *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

16.    Diversity is determined at the time of removal. *See Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 n. 2 (11th Cir. 2007).

### A.    Plaintiff is a Citizen of Florida.

17.    An individual is a citizen of the state in which he or she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

18.    Although residence alone is not the equivalent of citizenship, residence is prima facie evidence of Plaintiff's place of domicile. *Est. of Cochran by & through Pevarnek v. Marshall*, No. 8:17-CV-1700-T-36TGW, 2017 WL 5899200, at *3 (M.D.

4

Fla. Nov. 30, 2017) ("In determining domicile, a court should consider both positive evidence and presumptions. First, the Court notes that it is a well-established rule that a party's current residence is prima facie evidence of her domicile.") (citations omitted); *Smith v. Wal-Mart Stores E., L.P.*, No. 07-22552-CIV, 2008 WL 11407155, at *2 (S.D. Fla. Jan. 28, 2008).

19.    Plaintiff states that he "resides in Tarpon Springs, Florida, purchased the machine in Pinellas County, Florida, and used the machine in Pinellas County, Florida." *See* Ex. A at 5.[1]  Plaintiff also alleges that "a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in [the 6th Judicial Circuit in and for Pinellas County, Florida.]" *Id.*

20.    Therefore, Plaintiff is a citizen of Florida and likewise was a Florida citizen at the time the Complaint was filed.

**B.    Defendant Philips RS is a citizen of Massachusetts and Delaware now at the time of removal, and was a citizen of those states at the time the Complaint was filed.**

21.    Philips RS is a Delaware limited liability company.  *See* **Exhibit B, Philips RS North America LLC Corporate Records & Business Registrations**.

22.    As a limited liability company, Philips RS is a citizen of the state(s) where its members are citizens for purposes of diversity jurisdiction.  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("a limited

---

[1] The Complaint does not number the paragraph making this allegation.

liability company is a citizen of any state of which a member of the company is a citizen").

23.    Philips RS is wholly owned by a single member, Philips RS North America Holding Corporation, which is a Delaware corporation with its principal place of business in Massachusetts.  *See* **Exhibit C, Philips RS North America Holding Corporation Corporate Records & Business Registrations**.

24.    For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

25.    Because Philips RS North America Holding Corporation is a citizen of Delaware and Massachusetts, Philips RS also is a citizen of both Delaware and Massachusetts.

26.    Therefore, Philips RS is diverse from Plaintiff and was likewise diverse from Plaintiff at the time the Complaint was filed.

    **C.**    <u>**Defendant Philips North America LLC is a citizen of Delaware and Massachusetts now at the time of removal, and was a citizen of those states at the time the Complaint was filed.**</u>

27.    Philips NA is a Delaware limited liability company.  *See* **Exhibit D, Philips North America LLC Corporate Records & Business Registrations**.

28.    Philips NA is wholly owned by a single member:  Philips Holding USA, Inc. ("Philips Holding"), a Delaware corporation with its principal place of business

in Massachusetts. *See* **Exhibit E, Philips Holding USA, Inc., Corporate Records & Business Registrations**.

29. Because Philips Holding is a citizen of both Delaware and Massachusetts, Philips NA also is a citizen of both Delaware and Massachusetts.

30. Therefore, Philips NA is diverse from Plaintiff and was likewise diverse from Plaintiff when the Complaint was filed.

**D. Defendant Koninklijke Philips N.V. is and at all relevant times has been diverse from Plaintiff.**

31. KPNV is a public corporation incorporated in and under the laws of the Netherlands with its principal place of business in Amsterdam, Netherlands.

32. KPNV is therefore a citizen of the Netherlands. 28 U.S.C. § 1332(c)(1); *see also* Ex. A ¶ 13 ("Defendant [KPNV] is a Dutch multi-national corporation with its principal place of business located in Amsterdam, Netherlands.").

33. KPNV is therefore diverse from Plaintiff now at the time of removal and was diverse from Plaintiff at the time the Complaint was filed.

**E. There is complete diversity between the parties.**

34. There is complete diversity among the parties, and complete diversity likewise existed at the time the Complaint was filed.

| Plaintiff | Defendants |
| --- | --- |
| Christopher Kaczmarski (FL) | Philips RS (DE/MA) Philips NA (DE/MA) KPNV (Netherlands) |

7

## II.    THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

35.    There plainly is more than $75,000 in controversy. *See* 28 U.S.C. § 1332(a).

36.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

37.    Moreover, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (citations omitted). "Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" *Id.*

38.    Even if an exact amount in controversy is not stated, the amount-in-controversy requirement can be satisfied through an evaluation of the nature of the allegations in the complaint. *See Fox v. Ritz-Carlton Hotel Co., L.L.C.*, 977 F.3d 1039, 1045 (11th Cir. 2020) ("If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction."); *Roe*, 613 F.3d at 1062.

39.     Defendants deny any liability to Plaintiff.  However, the nature of the case (a medical device products liability action), the extent of harms alleged (nasal and bone marrow cancer, permanent injury, mental and physical pain and suffering, and financial losses including medical expenses and lost income), and the type of relief sought (including personal injury damages and economic losses) clearly demonstrate that far more than $75,000 is in controversy.

40.     Courts routinely find that damages associated with alleged severe and permanent personal injuries and associated alleged pain and suffering exceed the jurisdictional requirement for diversity jurisdiction.  *See*, *e.g.*, *Mullaney v. Endogastric Sols., Inc.*, No. 11-62056-CIV, 2011 WL 4975904, at *2 (S.D. Fla. Oct. 19, 2011) (denying motion to remand in products liability case alleging that plaintiff suffered "serious, permanent and disabling injuries" and stating that "case law from this district as well as trial verdicts and jury settlements in similar product liability cases [demonstrate that] the amount in controversy exceeded the jurisdictional amount"); *Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (denying motion to remand in products liability case because "cases like this one routinely approach or exceed $75,000"); *Eichhorn v. Home Depot USA, Inc.*, No. 07-61250-CIV, 2007 WL 2774247, at *1 (S.D. Fla. Sept. 24, 2007) (denying motion to remand in personal injury case where plaintiff alleged to have suffered, *inter alia*, "serious and permanent injuries," bodily injury, pain and suffering, and economic loss from medical expenses).

41.    Courts also have found for removal purposes that alleged cancer cases satisfy the amount in controversy.  For example, in *Carleton v. CRC Indus.*, the plaintiff asserted product liability claims after allegedly developing cancer as a result of exposure to alleged carcinogens emitted from defendants' products.  49 F. Supp. 2d 961, 962 (S.D. Tex. 1999).  The court found that "[b]ased upon these allegations it was undeniably facially apparent, as a matter of law, that Plaintiffs' alleged damages exceeded $75,000," noting that "[p]reliminary diagnostic testing alone in cancer cases can often exceed $75,000, and it is a matter of common knowledge that damage awards in cases involving fatal illnesses far exceed that amount."  *Id*.; *see also Brooks v. Sanofi*, 2020 WL 1847682, at *4 (D. Nev. Apr. 13, 2020) (finding amount in controversy satisfied "where a pharmaceutical product was alleged to cause cancer").

42.    Plaintiff's alleged injuries and losses are similar to—or as alleged potentially more severe than—the claims and injuries alleged by plaintiffs whose complaints were determined to satisfy the amount-in-controversy requirement in the cases cited above.

43.    For these reasons, the alleged injuries and associated damages demonstrate that the amount in controversy exceeds $75,000, satisfying the test for diversity jurisdiction.

## VENUE

44.    The United States District Court for the Middle District of Florida is the federal judicial district encompassing the 6th Judicial District in and for Pinellas County, Florida, where this suit was filed originally.  28 U.S.C. § 89(b).

10

45.    Because this case is related to the MDL, it is anticipated that it will be transferred to the MDL court shortly after removal for consolidated pre-trial proceedings in the Western District of Pennsylvania before the Honorable Joy Flowers Conti.

## REMOVAL IS TIMELY

46.    Pursuant to 28 U.S.C. § 1446(b)(2)(B), "each defendant shall have thirty days after receipt by or service on that defendant of the initial pleading or summons" to file its notice of removal.

47.    Philips RS and Philips NA were served on June 26, 2026.  This notice is therefore timely because it is being filed within 30 days of service.

48.    Additionally, this notice is timely pursuant to 28 U.S.C. § 1446(c)(1) because it is being filed within one year after commencement of the action on April 3, 2026.

## CONSENT

49.    Defendants who are not served at the time of removal are not required to consent to removal.  *See Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1329 (M.D. Fla. 2003) ("There are three exceptions to the unanimity rule; namely: (1) the non-consenting defendants had not been served with process at the time the notice of removal was filed[.]") (citations omitted); *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008) ("The unanimity rule . . . only requires that the later-served defendant receive the consent of all then-served defendants at the time he files his notice of removal.).

11

50.    Upon information and belief, KPNV has not been served.  Therefore, KPNV's consent to removal is not required.

51.    Nevertheless, all Defendants consent to and join in the removal of this action.

## PROCEDURE

52.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date upon Defendants, including the Complaint, are attached.

53.    By filing this Notice of Removal, Defendants do not waive their right to object to service of process, the sufficiency of process, personal jurisdiction, or venue, and Defendants specifically reserve all defenses and objections.

54.    Written notice of the filing of the Notice of Removal will promptly be served on all other parties to this action and a copy will promptly be filed with the Circuit Court of the 6th Judicial District in and for Pinellas County as required by 28 U.S.C. § 1446(d).

55.    Included with this Notice of Removal is the filing fee required by 28 U.S.C. § 1914.

## CONCLUSION

Defendants respectfully remove this action from the Circuit Court of the 6th Judicial District in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida.

12

Date: July 16, 2026

Respectfully submitted,

*/s/ Courtney M. King*
Courtney M. King, Esq.
Florida Bar No. 069389
cking@mtrclegal.com
**MCDONALD TOOLE RICHMAN & CORRENTI, P.A.**
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895

*Counsel for Defendants Philips RS North America LLC, Philips North America LLC, and Koninklijke Philips N.V.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 16, 2026, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Barry S. Mittelberg, Esq., Barry S. Mittelberg PA, 10100 W Sample Road, Suite 407 Coral Springs, FL 33065; barry@mittelberglaw.com; sheri@mittelberglaw.com; *Attorneys for Plaintiff*

*/s/ Courtney M. King*
Courtney M. King, Esq.
Florida Bar No. 069389
cking@mtrclegal.com
**MCDONALD TOOLE RICHMAN & CORRENTI, P.A.**
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
*Counsel for Defendants Philips RS North America LLC, Philips North America LLC, and Koninklijke Philips N.V.*

13

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:   +1.215.963.5000
Facsimile:    +1.215.963.5001
john.lavelle@morganlewis.com

*Of Counsel* for *Defendants Philips RS North America LLC*

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY  10004-2498
Telephone:   +1.212.558.7375
Facsimile:    +1.212.558.3588
monahanw@sullcrom.com

*Of Counsel for Defendant Philips North America LLC and Koninklijke Philips N.V.*

14